UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV309-3-MU
3:03CR112-3-MU

| | |
|---|---|
| **DONOVAN ANTHONY STAFFORD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before this Court on the Petitioner's "Motion to Consolidate My Response with the Amended Petition/ and Leave to File Consolidated Reply for 2255 Petition" (Document No. 18) filed December 11, 2006.

A review of the record reveals that Petitioner filed a 28 U.S.C. § 2255 Petition on July 27, 2006. By Order dated August 3, 2006, this Court directed the Government to file a response to Petitioner's Petition. On August 12, 2006 the Government filed a Motion for an Extension of Time to respond to Petitioner's Petition which this Court granted (Document No. 5.) The Government then filed its Answer and Motion for Summary Judgment on October 12, 2006 (Document Numbers 6 and 7.) The Court then directed the Petitioner to file a response to the Government's Motion for Summary Judgment (Document No 8.) Petition twice sought extensions of time to file a response (Document Numbers 12 and 14) and each time the Court granted such requests (Document Numbers 13 and 15.) On November 30, 2005 Petitioner filed a Motion requesting that this Court direct the

1

Government to respond to his Motion to Amend before he should be required to respond to the Government's Motion for Summary Judgment (Document No. 16.) On December 1, 2006 this Court denied Petitioner's Motion (Document No. 17) and explained that the Court reviewed the record and the docket in this case and there is no record of a motion to amend on file. The Court also cautioned that the Petitioner is advised that Rule 15 of the Federal Rules of Civil Procedure provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Here, a responsive pleading has been filed in this Court since October 12, 2006. Therefore, Petitioner should not assume that any motion to amend would granted as a matter of course.

By way of the instant Motion, it appears that Petitioner is asking that he be permitted to consolidate his response to the Government's Motion for Summary Judgment with his Amended Petition. Once again, this Court must deny Petitioner's Motion. First, there is no Motion to Amend pending before this Court. Next, to the extent Petitioner is seeking advance permission to file a Motion to Amend, this Court cannot grant such a request. Petitioner has been directly ordered to respond to the Government's Motion for Summary Judgment. The Court has been exceedingly patient and has granting two motions for additional time and entertained two motions which appear to be stall tactics. Rule 15 governs motions to amend. Given that a responsive pleading has been on file since October 12, 2006, Petitioner should not assume any motion to amend would be granted. Furthermore, Petitioner is advised that any motion to amend would be subject to the Antiterrorism and Effective Death Penalty Act's one year limitation period.

**ORDER**

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Consolidate (Document No. 18) is DENIED;

2. Petitioner is directed to file a response to the Government's Motion for Summary Judgment no later than fifteen (15) days from the date of this Order. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**.

**SO ORDERED**.

Signed: December 13, 2006

Graham C. Mullen
United States District Judge