UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV309-3-V
(3:03CR112-3-V)

| | |
|---|---|
| **DONOVAN ANTHONY STAFFORD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration of the Recent Order Concerning Petitioner's Request for the Government to Respond Amended Petition and Motion for Leave to File That Petition (Document NO. 20); Petitioner's Motion for Leave to File an Amended Petition (Document No. 21) and Petitioner's Motion to Amend his § 2255 Motion to Vacate (Document No. 22), all filed December 18, 2006. For the reasons stated herein, Petitioner's Motions will be denied.

On July 27, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that: (1) his trial counsel was ineffective for failing to object to perjured testimony at trial; (2) Government counsel knowingly suborned perjured testimony; (3) Petitioner's minor role in the offense was not adequately considered at sentencing and (4) that the district court erred in failing to reduce his offense level for acceptance of responsibility since Petitioner admitted that he was in the United States illegally. By Order dated August 3, 2006, this Court directed the Government to file a response to Petitioner's Petition. On August 12, 2006 the Government filed a Motion for an

1

Extension of Time to respond to Petitioner's Petition which this Court granted (Document No. 5.) The Government then filed its Answer and Motion for Summary Judgment on October 12, 2006 (Document Numbers 6 and 7.) The Court then directed the Petitioner to file a response to the Government's Motion for Summary Judgment (Document No 8.) On October 24, 2006 and again on November 20, 2006, Petition sought extensions of time to file a response (Document Numbers 12 and 14) and each time the Court granted such requests (Document Numbers 13 and 15.) On November 30, 2005 Petitioner filed a Motion requesting that this Court direct the Government to respond to his Motion to Amend before he should be required to respond to the Government's Motion for Summary Judgment (Document No. 16.) On December 1, 2006 this Court denied Petitioner's Motion (Document No. 17) and explained that the Court reviewed the record and the docket in this case and there is no record of a motion to amend on file. On December 11, 2006 Petitioner filed a "Motion to Consolidate My Response with the Amended Petition/ and Leave to File Consolidated Reply for 2255 Petition" (Document No. 18). Once again, the Court denied Petitioner's motion pointing out that no motion to amend was on file in this Court.

In the instant Motion fro Reconsideration, Petitioner argues that he mailed a timely Motion to Amend to the Court on October 26, 2006. In this instant Motion to Amend, Petitioner seeks to amend his motion to add two new claims: (1) that his due process right were violated because the jury received an incorrect definition of "reasonable doubt" and (2) that he received ineffective assistance of counsel at trial and on appeal because his trial attorney failed to object to the improper jury instruction and his appellate counsel failed to raise the issue on direct appeal.

Rule 12 of the Rules Governing § 2255 proceedings states: "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with

2

these rules ... any may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure whichever it deems most appropriate." Because the Rules Governing § 2255 do not specify a procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, under Rule 15(a) leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182, 83 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

According to the record, Petitioner was sentenced on November 2, 2004 and filed a notice of appeal on November 17, 2004 (See 3:03cr112, Document No. 72.) The Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence by unpublished order dated July 29, 2005 (Id., Document No. 82.) The Fourth Circuit's mandate was filed August 22, 2005 (See Fourth Circuit Docket Sheet 04-5023.) Giving Petitioner 90 days from the date of the mandate, Petitioner's conviction became final on or about November 20, 2005. See United States v. Clay, 537 U.S. 522 (2003). Pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, the Petitioner had up to and including November 20, 2006 in which to bring all of his collateral challenges to his conviction and or sentence. Petitioner filed his timely Motion to Vacate on July 27, 2006. However, the instant motion to amend was not filed until December 18, 2006, nearly one

3

month after the one-year statute of limitation has passed.[1]

First, Petitioner's Motion to Amend appears to be made in bad faith[2] and is unduly prejudicial to the Government in that their Answer and Motion for Summary Judgment together with an affidavit from trial counsel contesting Petitioner's claim of ineffective assistance of counsel has been on file in this case since October 12, 2006.[3] Petitioner's motion to amend seeks to add a new claim

---

[1] Although Petitioner claims to have filed a Motion to Amend on October 26, 2006, this Court has checked the docket and the file several times and no such Motion was received by this Court. This Court has also contacted the mail room at Butner Medical Center and learned that while they do not keep an outgoing mail log, they do encourage inmates to send mail by certified mail if they want to confirm that their mail is received. This is particularly emphasized to inmates with respect to legal mail. Additionally, while Petitioner claims to have filed a Motion to Amend on October 26, 2006, he also twice sought additional time to respond to the Government's Motion for Summary Judgment by motion filed on October 24, 2006 (Document No 12) just two days prior to filing the alleged motion to amend and November 20, 2006 (Document No. 14) shortly after filing the alleged motion to amend, both of which this Court received. Although he cited many reasons to support his request for additional time, in neither motion did he cite to the fact that he was planning on filing a motion to amend or that he had in fact already filed a motion to amend. The Court granted both requests for additional time (Document Nos. 13 and 15.) Indeed, Petitioner was well aware that the Court had not received his Motion to Amend because in this Court's December 1, 2006 Order denying Petitioner's Motion for an Order requiring the Government to file a response to his amended petition, the Court clearly pointed out that no motion to amend was filed in this Court and even directed the Clerk to send Petitioner a copy of the docket sheet so that he could see for himself that no motion to amend was on file in this Court (Document No. 17.) Undeterred, Petitioner filed a Motion to consolidate his response with the amended petition on December 11, 2006 (Document No. 18.) Once again, this Court denied Petitioner's motion on December 13, 2006 pointing out that no motion to amend was on file with this Court (Document No. 19.)

[2] The idea that Petitioner actually sent a motion to amend to the Court on October 26, 2006 is highly suspect given that this Court has received all of Petitioner's other motions including motions filed on July 27, 2006, October 24, 2006, November 20, 2006, November 30, 2006, December 11, 2006 and December 18, 2006.

[3] Granting Petitioner's Motion to Amend would require the Government to seek an amended affidavit from Petitioner's trial counsel and an affidavit from Petitioner's appellate counsel as his Motion to Amend contains new claims of ineffective assistance of trial counsel and a claim of ineffective assistance of appellate counsel.

4

on ineffective assistance of trial counsel which would require the Government to seek an amended affidavit from trial counsel and also includes a new claim that Petitioner's appellate counsel was ineffective. This second new claim of ineffective assistance of counsel would require the Government to seek an affidavit from Petitioner's appellate counsel. In addition to the Government being required to gather new affidavits from trial and appellate counsel, the Government would also have to file an amended answer and motion for summary judgment responding to Petitioner's new claims. This is an additional burden on the Government that the Court is unwilling to impose. Moreover, the Court believes that Petitioner's Motion to Amend was brought either in bad faith or at a minimum as a stall tactic in that the Court is suspect of the notion that this particular motion was mailed by Petitioner yet not received by this Court especially in light of the fact that this Court has received numerous other motions filed by Petitioner. Moreover, this Court gave Petitioner specific notice that his motion to amend had not been received in Orders dated December 1, 2006 and December 13, 2006. For all of these reasons, Petitioner's Motion to Amend is Denied and Petitioner's Motion for Reconsideration is Denied.

Alternatively, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. Relations back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2). Here, Petitioner's new claims of ineffective assistance of counsel relate to the performance of his trial counsel inasmuch as he failed to object to a jury instruction and likewise to the performance of his appellate counsel in that he failed to raise trial counsel's failure to object to the jury instruction on appeal. Petitioner's Motion to Vacate only raises ineffective assistance of

5

trial counsel for failing to object to perjured testimony at trial. The only thing the new claims have in common with the claim raised in the Motion to Vacate is the allegation of ineffective assistance of counsel. The specific facts in support of the ineffective assistance of trial and appellate counsel claims in the Motion to Amend have nothing to do with the facts in support of the ineffective assistance of trial counsel claim raised in the Motion to Vacate. Moreover, counsel's ineffective performance during the trial cannot be said to be related to alleged ineffective performance during the appellate stage. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); see also United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999) (counsel's failure to file an appeal as instructed did not relate back to ineffective assistance of counsel claims for failure to pursue a downward departure and to object to the types of drugs at issue); United States v. Duffus, 174 F.3d 333 (3rd Cir. 1999) ( ineffective assistance of counsel for failure to move to suppress evidence did not relate back to several ineffective assistance of counsel claims on his original motion).

Next, Petitioner second proposed amended claim that his due process rights were violated because the jury received an incorrect definition of "reasonable doubt" is procedurally barred because Petitioner did not raise this issue on direct review. Stone v. Powell, 425 U.S. 465, 477 n.10 (1976); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989); Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Additionally, Petitioner has not even attempted to argue cause and prejudice. Bousely, 523 U.S. at 622. Inasmuch as Petitioner's challenges to the Court's failure to adequately consider Petitioner's role in the offense or entitled to an offense level reduction for acceptance of responsibility were not raised on direct appeal, these claims have been defaulted. Therefore, these claims would be futile and Petitioner's Motion to Amend is denied.

In addition, to the extent that this claim is barred by the AEDPA one-year limitation period, this claim also does not relate back to any of the claims originally raised in his Motion to Vacate. Petitioner's original claims have to do with claims of perjured testimony and sentencing claims including that Petitioner's minor role and his acceptance of responsibility were not adequately considered during sentencing. Petitioner's new claim regarding an incorrect definition of reasonable double is barred by the AEDPA's one-year limitations period and does not relate back to the original Motion to Vacate.

Petitioner's Motion to Amend is denied because it appears that the motion was brought in bad faith or as a stall tactic. Additionally, granting the Motion to Amend would be unduly prejudicial to the Government for the reasons stated herein. Next, to the extent that the proposed pleading is barred by the AEDPA's one-year limitation period, which this Court concludes it is, the Motion to Amend is denied as the claims raised do not relate back to the claims contained in the original Motion to Vacate. Therefore, Petitioner's Motion for Reconsideration and Motion to Amend is DENIED and Petitioner is direct to respond to the Government's Motion for Summary Judgement within fifteen days of the date of this Order. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

Therefore, for the reasons stated herein, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Reconsideration (Document No. 20) is DENIED;

2. Petitioner Motion for Leave to File an Amended Petition is DENIED;

3. Petitioner's Motion to Amend (Document no. 22) is DENIED;

4. Petitioner is directed to file a response to the Government's Motion for Summary Judgment within fifteen (15) days from the date of this Order.

**SO ORDERED**.

Signed: December 21, 2006

Graham C. Mullen
United States District Judge