**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:06CV309-3-V**
**(3:03CR112-3-V)**


| | | |
|---|---|---|
| DONOVAN ANTHONY STAFFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Reconsider Order Denying Leave to Amend" (Document No. 24). For the reasons stated herein, Petitioner's Motion will be denied.

On July 27, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that: (1) his trial counsel was ineffective for failing to object to perjured testimony at trial; (2) Government counsel knowingly suborned perjured testimony; (3) Petitioner's minor role in the offense was not adequately considered at sentencing and (4) that the district court erred in failing to reduce his offense level for acceptance of responsibility since Petitioner admitted that he was in the United States illegally. By Order dated August 3, 2006, this Court directed the Government to file a response to Petitioner's Petition (Document No. 3.) On September 12, 2006 the Government filed a Motion for an Extension of Time (Document No. 4) to respond to Petitioner's Petition which this Court granted (Document No. 5.) The Government then filed its Answer and Motion for Summary Judgment on October 12, 2006 (Document Numbers 6 and 7.) The Court then directed the Petitioner

to file a response to the Government's Motion for Summary Judgment (Document No 8.) On

October 24, 2006 and again on November 20, 2006, Petition sought extensions of time to file a

response to the Government's Motion for Summary Judgment (Document Numbers 12 and 14) and

each time the Court granted such requests (Document Numbers 13 and 15.) On November 30, 2005

Petitioner filed a Motion requesting that this Court direct the Government to respond to his Motion

to Amend before he should be required to respond to the Government's Motion for Summary

Judgment (Document No. 16.) On December 1, 2006 this Court denied Petitioner's Motion

(Document No. 17) and explained that the Court reviewed the record and the docket in this case and

there was no record of a motion to amend on file. On December 11, 2006 Petitioner filed a "Motion

to Consolidate My Response with the Amended Petition/ and Leave to File Consolidated Reply for

2255 Petition" (Document No. 18). Once again, the Court denied Petitioner's motion pointing out

that no motion to amend was on file in this Court (Document No. 19.) Petitioner then filed a

Motion for Reconsideration arguing that he mailed a timely Motion to Amend to the Court on

October 26, 2006. Petition then actually filed a Motion to Amend (Document No. 22) in which he

sought to amend his Motion to Vacate to add two new claims: (1) that his due process rights were

violated because the jury received an incorrect definition of "reasonable doubt" and (2) that he

received ineffective assistance of counsel at trial and on appeal because his trial attorney failed to

object to the improper jury instruction and his appellate counsel failed to raise the issue on direct

appeal. By Order dated December 21, 2006 (Document No. 23), this Court denied Petitioner's

Motion for Reconsideration (Document No. 20), Motion for Leave to File an Amended Petition

(Document No. 21) and Petitioner's Motion to Amend (Document No. 22.) Petitioner was

specifically directed to file a response to the Government's Motion for Summary Judgment within

fifteen days from the date of the Order. The Order was signed and dated on December 21, 2006. As of the date of this Order, Petitioner still has not filed a response to the Government's Motion for Summary Judgment.[1]

Petitioner now seeks reconsideration of this Court December 21, 2006 Order again arguing that he did in fact mail his Motion to Amend on October 25, 2006. Petitioner suggests that the Court did not receive his motion due to the mail room at his institution losing his motion. While this is a convenient explanation, the Court notes that Petitioner has not set forth an explanation as to why he did not raise this issue with the Court as soon as he became aware that the Court did not have his motion to amend on file. Indeed, in this Court's December 1, 2006 Order and again in this Court's December 13, 2006 Order, this Court explicitly stated that the Court reviewed the file and the docket and there was no record of a motion to amend.

The Court denied Petitioner's Motion to Amend on several basis including that Petitioner's motion was not timely and did not relate back to his original Motion to Amend, it was made in bad faith or to stall the proceeding and granting the motion would be unduly prejudicial to the Government requiring the Government to seek a second affidavit from trial counsel, a new affidavit from appellate counsel and to file an amended motion for summary judgment including the two new claims. In support of his Motion for Reconsideration, Petitioner argues that the mail room likely lost his mail containing his Motion. In fact, Petitioner filed a supplemental response including affidavits and exhibits meant to substantiate numerous problems with the mail room. The Court is not persuaded and denies Petitioner's Motion for Reconsideration for the reasons stated in its prior

---

[1] In fact, Petitioner was originally directed to file a response to the Government's Motion for Summary Judgment thirty days from October 16, 2006 (Document No. 8.)

Order..

Furthermore, in reviewing Petitioner's Motion to Amend in connection with the instant Motion for Reconsideration, the Court further denies Petitioner's Motion to Amend for the additional reason that Petitioner's proposed amendment is futile. See F.R.C.P.15(a); Forman v. Davis, 371 U.S. 178, 182-3 (1962) leave to amend shall be freely given, absent bad fait, undue prejudice to the opposing party, or futility of the amendment.) Petitioner claims that the Court failed to provide a definition to the jury on reasonable doubt when it instructed the jury. Further, the Court also failed to instruct the jury that they had to acquit the Petitioner if they found the government failed to prove their case beyond a reasonable doubt. (See Petitioner's Motion to Amend, Document No. 22.)

The Court has reviewed the proposed claims and the transcripts from the trial including the jury instructions given prior to the evidence and those given and the close of evidence and concludes that the Courts instructions with respect to reasonable doubt were entirely appropriate. During the Court's preliminary instructions the Court stated: "This is a criminal case. The government has the burden of proving its case beyond a reasonable doubt. That means that the government must prove that the defendant committed the crime." (Trial Transcript, Volume II at 236.) At the close of evidence the Court instructed the jury again. The Court stated "The Government has the burden of proof, has the burden of proving to you its contentions and each element of the offense charged beyond a reasonable doubt. The term "reasonable doubt" means just what it says. Its meaning is self-evident and understood by you, and the Court will not attempt to define the term further." (Trial Transcript, Volume IV at 659.)

Petitioner claims the Court erred by not providing the jury with a definition of reasonable doubt. The Petitioner is incorrect. The Court's instruction was entirely consistent with Fourth

4

Circuit law. Indeed, the Fourth Circuit has expressed its disapproval of attempts by trial courts to define the term reasonable doubt. See United States v. Najjar, 300 F.3d 466, 486 (4th Cir. 2002); United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995). Further, the Court has held "that efforts to define reasonable doubt are likely to confuse rather than clarify the concept . . . ." United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998). The Fourth Circuit has also stated that it is "convinced 'that the term reasonable doubt has a self-evident meaning comprehensible to the lay juror which judicial efforts to define generally do more to obscure than to illuminate.'" United States v. Walton, 207 F.3d 694, 698 (4th Cir. 2000) quoting United States v. Headspeth, 852 F.2d 753, 755 (4th Cir. 1998). Fourth Circuit law is very clear that the trial courts are not to define reasonable doubt. Therefore, the Court's explanation of reasonable doubt is consistent with Fourth Circuit law and Petitioner's claim is without merit and therefore futile.

After the above discussion regarding reasonable doubt, the Court went on to explain the government's burden:

At the outset, the law presumes a defendant to be innocent of crime, and this presumption continues throughout the course of the trial. It could come to an end only if you reach the jury room and then arrive unanimously at the conclusion, if you do, that the government has shown to your satisfaction that the defendant is guilty beyond a reasonable doubt as to each charge contained in the indictment.
This burden on the government does not change at any time during the course of the trial. The presumption of innocence in favor of a defendant is not a mere formality to be disregarded by the jury at its pleasure. It is a substantive part of our criminal law.
If the evidence is sufficient to overcome the presumption of innocence, and to convince you beyond a reasonable doubt of the guilt of the defendant, the defendants, as to any of the charges, then it would become your duty to find him guilty of that charge. **But if you have a reasonable doubt as to the guilt of the defendant on any charge, it would be your duty to give him the benefit of that doubt and acquit him of that charge.** (Emphasis added).

(Trial Transcript, Volume IV at 658-9.)

As is evident from the above quoted sections of the transcript and in sharp contrast to

5

Petitioner's claim, the Court was very clear that the jury had a duty to acquit the Petitioner if the jury had a reasonable doubt as to Petitioner's guilt on any charge. The Petitioner's assertion that the Court failed to instruct the jury that they had to acquit the Petitioner if they found the government failed to its their case beyond a reasonable doubt is simply not true. Petitioner's claim is without merit and therefore futile.

The Court's has reviewed all of the instructions to the jury and is satisfied that the Court''s explanation of "reasonable doubt" and of the jury's duty was adequate, understood and consistent with Fourth Circuit law.[2] Given that this Court has determined that the instructions regarding reasonable doubt were appropriate, Petitioner's trial counsel was not ineffective for failing to object to the instruction nor was Petitioner's appellate counsel ineffective for failing to challenge the instructions on appeal. Therefore Petitioner's proposed ineffective assistance of trial and appellate counsel claims are also without merit and therefore futile. Therefore, for all the reasons outlined in this Court previous Order denying Petitioner's Motion to Amend and for the additional reason that Petitioner's proposed claim would be futile, this Court once again denies Petitioner's Motion to Amend and denies Petitioner's Motion for Reconsideration.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for

---

[2] Moreover, the Court notes that Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals following his conviction and sentence claiming, among other things, that the district court erred in denying Petitioner's motion for judgment of acquittal on the basis that there was insufficient evidence to support a finding that Petitioner was guilty of the conspiracy or importation charges. The Fourth Circuit affirmed the district court's judgment, holding that the evidence presented at trial was sufficient "to establish a significant connection between [Petitioner] and the conspiracy." United States v. Stafford, 143 Fed. Appx. 531, 533 (4th Cir. 2005).

Reconsideration (Document No. 24) is DENIED.  Furthermore, Petitioner is specifically directed, **for the last time**, to respond to the Government's Motion for Summary Judgment within fifteen (15) days from the date of this Order.  **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**SO ORDERED.**

Signed: January 11, 2007

Graham C. Mullen
United States District Judge