UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV309-3-MU
(3:03CR112-3-MU)

DONOVAN ANTHONY STAFFORD,  )
                           )
        Petitioner,        )
                           )
             v.            )        **O R D E R**
                           )
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on July 27, 2006, (Document No. 1), Respondent's Motion for Summary Judgment (Document No. 7), and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 27). For the reasons stated herein, Respondent's Motion for Summary Judgment will be granted and the Petitioner's Motion to Vacate will be denied and dismissed. Petitioner's Motion to File Supplemental Evidence (Document No. 26) is denied as moot.

### I.  PROCEDURAL HISTORY

The record reveals that Petitioner was indicted on counts one, two, and four of a four count Bill of Indictment. Petitioner was charged with conspiracy to possess with the intent to distribute in excess of 500 grams of a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841 and 846, illegal importation from Jamaica and aiding and abetting that importation

1

of more than 500 grams of a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2, and unlawful reentry by an alien previously convicted of an aggravated felony and deported in violation of 8 U.S.C. § 1326 (a) and (b)(2). Petitioner plead straight-up to unlawful reentry on March 11, 2004. At the conclusion of a four day jury trial, Petitioner was convicted of the remaining drug charges. Petitioner was sentenced by this Court to 120 months for each charge, sentences to run concurrently.

Petitioner appealed his conviction to the Fourth Circuit on November 17, 2004. The Fourth Circuit affirmed by unpublished per curiam decision on July 29, 2005. United States v. Stafford, No. 04-5023. Petitioner did not file a petition for rehearing and rehearing en banc or a petition for writ of certiorari with the Supreme Court.

Petitioner filed § 2255 Motion to Vacate (Document No. 1) on July 27, 2006, alleging that (1) trial counsel was ineffective for failure to object to perjured testimony; (2) the Government knowingly admitted perjured testimony with a motive to fabricate for a conviction; (3) the Petitioner's role was minimal in the offense and was not adequately considered in sentencing; and (4) since the Petitioner admitted to being in the United States illegally (count four), he should be eligible for acceptance of responsibility reduction for counts one and two. The Government then filed its Answer (Document No. 6) and Motion for Summary Judgment (Document No. 7) on October 12, 2006.[1] Petitioner finally filed his Response to the Government's Motion for Summary

---

[1] In the interim, Petitioner filed several motions including a motion asking the Court to require the government to respond to his Motion to Amend before requiring Petitioner to file his response; however, there was no Motion to Amend pending before the Court so the Court denied Petitioner's Motion (Document No. 17). Petitioner then filed a Motion to Consolidate his Response with an Amended Petition and for leave to file a consolidated reply on December 11, 2006 (Document No. 18). By Order dated December 13, 2006, this Court denied Petitioner's Motion and ordered Petitioner to respond to the Government's Motion for Summary Judgment

Judgment on February 9, 2007. (Document No. 26.) This matter is now ripe for adjudication.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065. The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court

---

within 15 days (Document No. 19). Petitioner then filed a Motion for Reconsideration (Document No. 20) and his Motion to Amend (Document Nos. 21 & 22) on December 18, 2006. The Court denied his Motion for Reconsideration and denied his Motion to Amend as untimely, futile, and unduly burdensome to the Government. (See Document No. 23.) Undaunted by his lack of success, Petitioner filed another Motion for Reconsideration (Document No. 24) on January 5, 2007. This Motion was denied by Order dated January 11, 2007 (Document No. 25). Petitioner was again directed to respond to the Government's Motion for Summary Judgment within 15 days.

need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner claims that his counsel was ineffective because his counsel failed to object to perjured testimony. Petitioner alleges that Ms. Conley's trial testimony regarding the purchase of plane tickets to Jamaica at the travel agency conflicted with the report that she gave during the investigation performed by Special Agents Boze and Burns. Petitioner alleges that Ms. Conley's testimony was false and that his counsel knew her testimony to be false, yet failed to object to it. Petitioner cannot satisfy the Strickland test. Petitioner argues that being convicted on inconsistent evidence that was not objected to must be deficient performance; however, Petitioner does not set forth any evidence that had his attorney objected to the testimony, the testimony would not have been admitted. Furthermore, the performance prong is not satisfied because upon review of the trial transcripts, counsel vigorously cross-examined Ms. Conley. Any inconsistencies in the statements to law enforcement officials, and indeed, many inconsistencies in Ms. Conley's own testimony were brought out in cross-examination. Counsel ensured that these inconsistencies were brought to the attention of the jury. Finally, Petitioner has not brought forth evidence that these statements were false. Conclusory allegations do not offer escape from summary judgment. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004). Petitioner has not satisfied either prong of the Strickland

4

test, therefore his claim of ineffective assistance of counsel is dismissed.

## B. PROSECUTORIAL MISCONDUCT

Petitioner alleges prosecutorial misconduct in that the Government knowingly admitted perjured testimony. To summarize Petitioner's allegations, Petitioner argues that the United States Attorney's Office knowingly admitted perjured testimony, in that debriefings and government investigative reports contradict the final testimony of witnesses.[2] Petitioner alleges that these contradictions show that the Government altered evidence and fabricated facts in order to secure the conviction of the Petitioner. To succeed on this claim, Petitioner must set forth evidence that: (1) the testimony was false; (2) the Government knew the testimony was false; and (3) there is a reasonable probability that the false testimony could have affected the verdict. United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004). Once again, conclusory allegations with no specific factual support are not sufficient to escape summary judgment. Id.

As in Petitioner's claims of ineffective assistance of counsel, Petitioner sets forth conclusory allegations lacking factual support. Petitioner asserts in general terms that the testimony of Ms. Conley was false and that the Government knew that the testimony was false. However, Petitioner sets forth no evidence that the Government knew that the testimony was false. "'Airy generalities, conclusory assertions and hearsay statements [do] not suffice' to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence in an evidentiary hearing." Roane, 378 F.3d at 400-01 (quoting United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987)). Furthermore, given that his counsel brought out the inconsistencies

---

[2] Although Petitioner does not clearly state which witnesses proffered perjured testimony, it appears that Petitioner is referring to Ms. Conley and the employees of the travel agency.

between Ms. Conley's testimony and her prior statements, Petitioner has not established a reasonable probability that Ms. Conley's testimony affected the verdict. Petitioner's prosecutorial misconduct claim must fail.

**C. REMAINING CLAIMS ARE PROCEDURALLY BARRED**

A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts. United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621-22 (1998) In order to obtain review despite procedural default, Petitioner must demonstrate either "cause" and "prejudice" or actual innocence. Id. at 622. "[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986); see also, Turner v. Jabe, 58 F. 3d 924, 927 (4th Cir. 1995). To establish prejudice, Petitioner must show "not merely that the errors in his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); see also, Hunt v. Nuth, 57 F. 3d 1327, 1340 (4th Cir. 1995).

Petitioner raises two other claims in his petition: (1) Petitioner's minimal role was not adequately considered at sentencing;[3] and (2) Petitioner should be entitled to a reduction in sentence

---

[3] The Court notes that Petitioner's role was far from minimal. There is simply no support for Petitioner's argument that he was entitled to a reduction based on his minimal role in the conspiracy. The evidence at trial established that Petitioner provided instructions to Mr. Fullenwinder and Ms. Conley concerning the details of the trip to Jamaica and the purchase of the plane ticket. (Supplemental Joint Appendix at 31, 32, 35, 38-39, 45-46, and 58-59.)

due to acceptance of responsibility.[4] Neither of these claims were raised on direct appeal. Petitioner has failed to allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. These claims are therefore procedurally defaulted.

**D. CONCLUSION**

The Court's review of the Petitioner's Motion to Vacate and Respondent's Motion for Summary Judgment conclusively shows that Petitioner is not entitled to relief on his claims contained in his Motion to Vacate. With respect to the ineffective assistance of counsel claims contained in Petitioner's Motion to Vacate, the Court concludes that Petitioner has not brought forth sufficient evidence to satisfy the <u>Strickland</u> test and, as such, Petitioner's claims of ineffective assistance of counsel are denied. Further, this Court finds that Petitioner failed to establish any factual basis to support his claim of prosecutorial misconduct. Finally, Petitioner's claims that his role was not adequately considered at sentencing and that he should be entitled to a reduction in sentence due to acceptance of responsibility were not raised on direct appeal and thus have been procedurally defaulted.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that

(1) Respondent's Motion for Summary Judgment (Document No. 7) is GRANTED;

(2) Petitioner's Motion to Vacate (Document No. 1) is denied and dismissed; and

(3) Petitioner's Motion to Supplement the Record (Document No. 26) is denied as moot.

---

[4] Petitioner went to trial on the drug charges and therefore is generally not eligible for a reduction based on acceptance of responsibility. See U.S.S.G § 3 E1.1 Application Note 2.

**SO ORDERED**.

Signed: July 25, 2007

Graham C. Mullen
United States District Judge